[Cite as *State v. Foster*, 2019-Ohio-2580.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-319 |
| v. | : | (C.P.C. No. 16CR-7241) |
| Paul Foster, III, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-328 |
| v. | : | (C.P.C. No. 16CR-7240) |
| Jimmy Todd, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 27, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Timothy R. Dougherty,* for appellant Paul Foster; *Gerald G. Simmons,* for appellant Jimmy Todd. **Argued:** *Gerald G. Simmons.*

APPEALS from the Franklin County Court of Common Pleas

McGRATH, J.

{¶ 1} Defendants-appellants, Jimmy Todd and Paul Foster, III, each filed appeals from judgments of conviction entered by the Franklin County Court of Common Pleas pursuant to a plea of no contest after the trial court denied their motions to suppress. For the following reasons, we affirm the trial court's judgments.

## I. Facts and Procedural History

{¶ 2}    Jimmy Todd was indicted on December 29, 2016 on one count of possession of marijuana, a violation of R.C. 2925.11, and one count of illegal cultivation of marijuana, a violation of R.C. 2925.11.  Paul Foster, III, was indicted on December 29, 2016 on one count of possession of cocaine, a violation of R.C. 2925.11, one count of aggravated possession of drugs, a violation of R.C. 2925.11, a felony of the third degree, one count of aggravated possession of drugs, a violation of R.C. 2925.11, a felony of the fifth degree, and one count of possession of marijuana, a violation of R.C. 2925.11.  Each of those four counts carried a firearm specification.

{¶ 3}    The cases were consolidated.  On July 16, 2017, appellant Todd filed a motion to suppress all the evidence seized as a result of a search of his residence conducted by law enforcement officers pursuant to a search warrant.  Appellant Foster filed a motion to disclose the informant's identity.  The appellants joined in each other's motions.  The trial court held a joint hearing on January 3, 2018 and the trial court indicated that the motion to disclose the informant's identity was either moot or withdrawn.  (Jan. 3, 2018 Tr. at 7.) The trial court overruled the motion to suppress.  On February 20, 2018, both defendants entered a plea of no contest.  Appellant Todd was found guilty and sentenced to 3 years of community control with conditions. Appellant Foster was found guilty and sentenced to a non-mandatory period of prison of 36 months as to Counts 1 and 2, plus 9 months as to Counts 3 and 4, and 1 year for the firearm specification.  All counts were to be served concurrent with each other but consecutive to the mandatory one year for the firearm specification conviction.

## II. Assignments of Error

{¶ 4}    Appellants filed timely appeals which were consolidated and filed a joint brief, assigning the following two assignments of error for our review:

> [I.] Did the court abuse its discretion in finding the detective credible during the *Franks v. Delaware* hearing?
>
> [II.] The trial Court should have continued to hear the motion to suppress after it ruled against the Appellants on the *Franks v. Delaware* issue.

### III. Standard of Review

{¶ 5}  "Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  In ruling on a motion to suppress, the trial court is the trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.  *State v. Quintero*, 10th Dist. No. 18AP-102, 2018-Ohio-5145, ¶ 19.  Therefore, this court "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982).  "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

### IV. Analysis

{¶ 6}  In their first assignment of error, appellants contend that the trial court abused its discretion in finding that the detective was credible during the hearing.  In the motion to suppress, appellants argued the affidavit in support of the search warrant was not supported by probable cause because it contained false statements that were deliberately or recklessly made.  The trial court noted that the parties agreed to limit the hearing to the accuracy and truthfulness of the information contained in the search warrant pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

{¶ 7}  Pursuant to the Fourth Amendment to the U.S. Constitution, a search warrant must be supported by probable cause.  Article I, Section 14 of the Ohio Constitution contains nearly identical language as the Fourth Amendment to the U.S. Constitution and provides the same protection as the Fourth Amendment.  *Quintero* at ¶ 22, citing *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, ¶ 16.

{¶ 8}  Crim.R. 41 provides that a prosecuting attorney or a police officer establishes probable cause for a search warrant through an affidavit.  Probable cause involves a fair probability that criminal activity exists, not a prima facie demonstration of criminal activity.  *State v. Ingold*, 10th Dist. No. 07AP-648, 2008-Ohio-2303, ¶ 6-7.  Thus, if the totality of the circumstances establish a "fair probability that contraband or evidence of a crime will be found in a particular place," a judge may properly issue a search warrant.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

{¶ 9} The totality-of-the-circumstances analysis of *Gates* not only addresses the original probable cause determination of the magistrate but limits the role of a reviewing court to that of "simply to ensure that the magistrate had a 'substantial basis for * * * [concluding]' that probable cause existed." *Id.* at 238-39. The court stated: "[W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' *Spinelli* [*v. United States*, 393 U.S. 410, 419 (1969)]." *Gates* at 236. A reviewing court should give great deference to the issuing judge's determination and " 'doubtful or marginal cases' " should be resolved in favor of upholding the search warrant. *Gates* at 237, fn. 10, quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965).

{¶ 10} If an affidavit in support of a search warrant contains false or misleading information, no deference is owed to the issuing magistrate. "To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either 'intentionally, or with reckless disregard to the truth.' " *State v. Waddy,* 63 Ohio St.3d 424 (1992), quoting *Franks* at 155-56, *Waddy superseded by constitutional amendment on other grounds*, as stated in *State v. Smith*, 80 Ohio St.3d 89, 102, fn. 4 (1997). "Reckless disregard" occurs when an affiant has serious doubts about the truth of an assertion. *Id.*

{¶ 11} In *Franks*, the United States Supreme Court held that a search warrant is not valid if "(1) the defense establishes by a preponderance of the evidence that the supporting affidavit contains a false statement that the affiant included either knowingly and intentionally or with reckless disregard for the truth, and (2) after setting aside the false material, the remaining content does not establish probable cause. Conversely, false statements due to negligence and innocent mistakes do not invalidate a search warrant." *State v. Allen*, 10th Dist. No. 08AP-264, 2008-Ohio-6916, ¶ 29, citing *Franks* at 171.

{¶ 12} Appellants argue that at the *Franks* hearing, held on January 3, 2018, the trial court found the detective credible and abused its discretion in doing so. Appellants challenged the affidavit because the detective stated: "the Franklin County Sheriff's Office Special Investigations Unit received a complaint from a reliable source, who wishes to remain anonymous, that Marijuana Grow operations were being maintained in 206 N.

Wayne Avenue and 212 N. Wayne Avenue." (Emphasis deleted.) (May 23, 2018 Warrant to Search, Ex. A)  Since the detective did not know the identity of the informant, appellants argue that the detective's statement in the affidavit that the informant was "reliable," must be false.

{¶ 13} Appellants argue that the detective was not truthful regarding whether or not anyone in her unit talked to the informant after the initial complaint was lodged.  The detective testified that "they" did not talk to the anonymous source since "then."  (Tr. at 18.) The question that defense counsel asked the detective was imprecise and not entirely clear. The question was:

> Q. Has anyone in the Special Investigation Unit, which I believe is the unit you're connected with, correct?
>
> A. Yes, it's one of the units.
>
> Q. Have they talked to this anonymous source since then?
>
> A. No.
>
> Q. So it was the one time?
>
> A. Yes, it was one time for this complaint.

(Tr. at 18.)

{¶ 14} However, when asked directly whether she had talked to the anonymous source, the detective answered affirmatively.  The questioning was as follows:

> Q. Okay.  Now, did you eventually call this person up?
>
> A. I did.  I eventually -- since there was a number on there, I did call the person back.

(Tr. at 34.)

{¶ 15} The defense contends that the detective was misleading or lied to the trial court.  However, the question asked the detective if "they" talked to the informant.  She answered "no," but then answered that she had talked to the informant.  We find no lie in those answers because "they" did not talk to the informant, but the detective did.  Further, the detective explained that it is her practice to contact a complainant when a phone number has been provided.  (Tr. at 28.)

{¶ 16} The trial court specifically found the detective truthful.

> As an initial note, the Court finds Detective Habecker to be credible. I find that her testimony was consistent. She answered questions that were posed to her as truthfully as she could. Where she didn't know the answer to a question, she didn't try to guess. The Court finds that having observed her demeanor and her manner of testimony that she was, in fact, credible.
>
> In terms of the Court's ruling, there was cross-examination of the detective as to matters that were outside the warrant. We had some discussion about this, about the four corners of the warrant. The Court is only considering that information to go to the detective's credibility, not to the validity of the warrant itself. Criminal Rule 41(C) I believe prohibits the Court from considering information that's not contained in the warrant, and so that testimony was admitted for purposes of cross-examination to challenge the credibility of the witness, not getting at what -- you know, the substance of whether the warrant was supported by probable cause or not.

(Tr. at 52-53.)

{¶ 17} This questioning does not demonstrate that the detective did not speak to the informant or that the detective was untruthful. The trial court found the detective credible. "[B]ecause the court is in the best position to resolve questions of fact and evaluate the credibility of witnesses, a reviewing court 'must accept the trial court's factual findings and the trial court's assessment of witness credibility.' " *State v. McKenzie*, 10th Dist. No. 11AP-250, 2011-Ohio-5851, ¶ 3, quoting *State v. Lattimore*, 10th Dist. No. 03AP-467, 2003-Ohio-6829, ¶ 5. It is a fundamental principle that the weight to be given to the evidence and the credibility of witnesses are primarily for the trier of facts. *State v. DeHass*, 10 Ohio St.2d 230 (1967). This principle applies to suppression hearings as well as to trials. *Quintero* at ¶ 27.

{¶ 18} The detective explained that she had been in law enforcement for 12 years. (Tr. at 40.) A complaint was lodged with the Franklin County Sheriff's Office Special Investigations Unit from an anonymous source. The unit's secretary received the complaint that "Jimmy" was cultivating and selling marijuana from 206 and 212 North Wayne Avenue. After receiving the complaint, the detective attempted to verify the information. The detective checked the electricity kilowatt consumption for 206 North Wayne Avenue

and 184 and 198 North Wayne Avenue.  (Tr. at 11, 29.)  She discovered that the electric bills were in the names of appellants and discovered Jimmy's last name is Todd.  She did some further investigation on TLO, a website that shows a history of addresses and found those addresses were listed as appellants' homes (212 North Wayne for Foster and 206 North Wayne for Todd).  (Tr. at 31-32.)  She further did a public search on social media and found Foster's Facebook page which had various pictures of marijuana leaves and parties where they were smoking marijuana.  (Tr. at 33.)  The detective testified that trash pulls were made of appellants' trash receptacle but it was a community dumpster so nothing was found that was directly linked to one of the houses.  (Tr. at 20.)  Surveillance of the residences was conducted on three separate days.  The detective testified that the surveillance documented a lot of foot traffic.  (Tr. at 21, 39.)  Finally, she telephoned the informant.  (Tr. at 34.)  The detective was attempting to discover whether the informant had any more information.  The informant confirmed Jimmy's last name, which the detective had already established.

{¶ 19}  While all of this testimony was not considered for the validity of the warrant, the trial court admitted the testimony for the purpose of determining the detective's credibility.  The trial court found the detective credible and we accept the trial court's assessment of witness credibility.  Appellants' first assignment of error is overruled.

{¶ 20} In their second assignment of error, appellants contend that the trial court should have continued to hear the motion to suppress after it ruled against the appellants on the *Franks* issue.  Appellants argue that the trial court should have granted their motion to suppress because the judge issuing the warrant was not provided with sufficient evidence that the tip was reliable.

{¶ 21} However, the transcript of the hearing indicates that the parties agreed to limit the hearing to the *Franks* issue.  The trial court stated:

> THE COURT: * * * We had a conference in chambers about a month ago.  Although it's not referenced in the motion to suppress, the --the motion does seem to challenge the accuracy and the truthfulness of the information contained in the search warrant and it was decided at that time that we would proceed under a Franks hearing.
>
> Mr. Simmons, is that a fair --
>
> MR. SIMMONS:  Yes.

THE COURT:  Okay.

MR. SIMMONS:  Yes, Your Honor.

THE COURT:  And, Mr. Dougherty, is that --

MR.DOUGHERTY:  Yes, Your Honor.

(Tr. at 4-5.)

{¶ 22} After the evidence was presented, the trial court stated:

> Again, the defendants have the burden to show that it was false or misleading.  They have not met that burden; so, therefore, we don't get to the second question about whether the remaining information would support a finding of probable cause.  I don't believe that the statement referencing a reliable source who wishes to remain anonymous is false or misleading with purpose to mislead the Court.  I just don't believe the defendants have met that burden.
>
> So given that based on the testimony that was presented and the exhibits that were admitted -- I don't believe they were formally admitted, but I will deem them admitted for purposes of the Court's ruling -- the motion to suppress is overruled at this time.

(Tr. at 54.)

{¶ 23} The trial court found that appellants did not meet their burden that the detective provided a false or misleading statement to the issuing court.  The parties agreed to limit the hearing to the *Franks* issue.  The only issue before the trial court was whether appellants had met their initial burden that the affidavit contained a false statement made either intentionally or with reckless disregard for the truth.  Having determined that they did not, the trial court resolved the only issue presented for consideration and overruled the motion to suppress.  Appellants waived any issue regarding probable cause.

{¶ 24} Despite the fact that appellants waived the issue, they now argue that the trial court should have considered whether the warrant was supported by probable cause. Having waived the issue, we review it under the plain error doctrine but find that appellants cannot demonstrate plain error.  Although generally a court will not consider alleged errors that were not brought to the attention to the trial court, Crim.R. 52(B) provides that the court may consider errors affecting substantial rights even though they were not brought

to the attention of the trial court.  " 'Plain error is an obvious error * * * that affects a substantial right.' "  *State v. Yarbrough*, 95 Ohio St.3d 227, 244, 2002-Ohio-2126, ¶ 108, quoting *State v. Keith*, 79 Ohio St.3d 514, 518 (1997).  An alleged error constitutes plain error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different.  *Id.* at 244-45.  "Notice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice."  *State v. Lumpkin*, 10th Dist. No. 91AP-567 (Feb 25, 1992).  Here, these facts do not rise to the level of plain error because appellants cannot demonstrate that the outcome of the trial clearly would have been different because even if we were to consider appellants' arguments, the record establishes that the affidavit was sufficient to support probable cause.

{¶ 25}  In *State v. George*, 45 Ohio St.3d 325 (1989), the Supreme Court of Ohio set forth the test for determining whether probable cause exists in an affidavit for a search warrant:

> In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstance set forth in the affidavit before him [or her], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* [1983], 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.)

*Id.* at paragraph one of the syllabus.

{¶ 26}  Thus, our task, as a reviewing court is to review the affidavit supporting the search warrant to determine whether it demonstrates a "substantial basis" for the issuing judge to have found a "fair probability" that the contraband would be discovered during a search of appellants' residences.  However, a reviewing court does not engage in a de novo determination regarding whether a trial court issued a search warrant based upon an affidavit containing sufficient probable cause.  *George* at 329.

{¶ 27}  Here, the experienced detective independently corroborated information provided by the informant in order to attest that the informant was reliable and the detective specifically spoke to the informant.  The detective compared the electricity usage

at 206 North Wayne Avenue with similarly sized residences for a seven-month period and found the usage was as much as three times more kilowatt consumption. The detective's corroboration of the informant's tip and the electrical usage was sufficient to support the issuing judge's finding of probable cause. *See State v. Gantz*, 106 Ohio App.3d 27, 34 (10th Dist.1995)(electrical usage data is a relevant factor in determining probable cause). The foot traffic observed was also a corroborating factor. Thus, even if appellants had not waived the issue of probable cause and we were to consider it, we would find that there was sufficient probable cause to support the issuing judge's finding of probable cause. Appellants' second assignment of error is overruled.

## IV. Conclusion

{¶ 28} For the foregoing reasons, appellants' two assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

KLATT, P.J. and BRUNNER, J., concur.

McGRATH, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

————————————————